ANN MILLER RAVEL, County Counsel (S.B. #62139)
DAVID M. ROLLO, Deputy County Counsel (S.B. #111998)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendants
COUNTY OF SANTA CLARA and on behalf of SANTA CLARA VALLEY MEDICAL CENTER: EMERGENCY PSYCHIATRIC SERVICES (also sued as Valley Medical Center)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALAN BUSH,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA VALLEY MEDICAL CENTER EMERGENCY PSYCHIATRIC SERVICES; ST. HELENA HOSPITAL CENTER FOR BEHAVIORAL HEALTH; LONG THANG CAO aka KEVIN CAO; KATHY BICKEL, CAMPBELL POLICE DEPARTMENT,<br><br>Defendants. | No. C 07-03942 JF<br><br>**ANSWER TO COMPLAINT**<br><br>**(Demand for Jury Trial)** |

DEFENDANT COUNTY OF SANTA CLARA for itself, and on behalf of SANTA CLARA VALLEY MEDICAL CENTER: EMERGENCY PSYCHIATRIC SERVICES (also sued as Valley Medical Center) answers the Complaint of Plaintiff James Alan Bush, and admits, denies and alleges as follows:

Answering paragraphs 1 through 15 of the Complaint, Defendant admits that Plaintiff James Alan Bush has filed a lawsuit. Defendant admits that the County of Santa Clara operates

within the jurisdiction of this Court. Defendant denies all other allegations.

**PRELIMINARY STATEMENT**

Answering the allegations contained in the Preliminary Statement on pages 4 and 5 of the Complaint, Defendant denies all of those allegations.

**PARTIES**

Answering the allegations of paragraphs 1 through 6 of the Parties paragraph on pages 5 and 6 of the Complaint, Defendant denies that Valley Medical Center: Emergency Psychiatric Services is owned or operated by the State of California. Defendant lacks information or knowledge sufficient to form a belief as to the remaining allegations, and therefore denies those allegations.

**JURISDICTION AND VENUE**

Answering the allegations of the Jurisdiction and Venue paragraph on page 6 of the Complaint, Defendant admits that jurisdiction is proper in the Northern District Court. Defendant denies all other allegations.

**RELEVANT STATUTORY SCHEME**

Answering the allegations of the Relevant Statutory Scheme paragraph on pages 6 and 7 of the Complaint, Defendant denies all allegations.

**FACTUAL ALLEGATIONS**

Answering the allegations contained in the Factual Allegations paragraph on pages 7, 8 and 9 of the Complaint, Defendant lacks information or knowledge sufficient to form a belief as to the allegations regarding gang activity, interaction with the Campbell Police Department, and Plaintiff's status at Valley Medical Center, and therefore denies those allegations. Defendant denies all remaining allegations.

**First Cause of Action**

Answering the allegations contained in the First Cause of Action, Defendant denies all allegations.

**Second Cause of Action**

Answering the allegations contained in the Second Cause of Action, Defendant denies

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

all allegations.

**Third Cause of Action**

Answering the allegations contained in the Third Cause of Action, Defendant denies all allegations.

**RELIEF REQUESTED**

Answering the allegations contained in the Relief Requested paragraph, Defendant denies Plaintiff is entitled to compensatory, punitive, injunctive, declaratory or attorney's fees damages. Defendant denies Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

**First and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that the Complaint, and each and every cause of action and/or claim for relief fails to state facts sufficient to constitute a cause of action and/or claim for relief against Defendant.

**Second and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that Plaintiff was himself careless and negligent in and about the matters alleged in the Complaint, and that said carelessness and negligence on the Plaintiff's part contributed to the damages complained of, if any. Plaintiff's comparative negligence should reduce any and all damages claimed by Plaintiff.

**Third and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that Plaintiff's claimed damages were either fully or in part the fault of others, and that said fault should reduce the alleged fault or percentage of fault by the Defendant.

**Fourth and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

cause of action and/or claim for relief therein, Defendant alleges that the provisions of the Fair Responsibility Act of 1986 (commonly known as Proposition 51, Civil Code sections 1430 - 1432) are applicable to this action to the extent Plaintiff's alleged injuries or damages were proximately caused or contributed to by the carelessness, negligence or fault of persons or entities other than the answering Defendant.

**Fifth and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that Plaintiff has failed to mitigate his damages.

**Sixth and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that at all times mentioned in the Complaint, services rendered by Defendant or its agents or employees were reasonable and necessary and were properly performed.

**Seventh and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that Plaintiff, by virtue of his own fault or misconduct, has unclean hands and his claims are therefore barred.

**Eight and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that it is entitled to the benefits, defenses, rights, immunities and provisions of Assembly Bills I through XX of the State of California for the year 1975 and which is more commonly known as the Medical Injury Compensation Reform Act, and that said benefits, defenses, immunities and provisions are set forth and contained within Business and Professions Code section 6146; Civil Code sections 3333.1 and 3333.2; Code of Civil Procedure sections 364, 365 and 667.7.

**Ninth and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every

cause of action and/or claim for relief therein, Defendant alleges that in the event it is found to be negligent or its agents or employees are found to be negligent (which supposition is denied), Defendant may elect to introduce evidence of any amount paid or payable, if any, as a benefit to Plaintiff pursuant to Civil Code section 3333.1.

**Tenth and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that in the event it or its agents or employees are found to be negligent (which supposition is denied), the damages for non-economic loss, if any, shall not exceed the amount specific in Civil Code section 3333.2.

**Eleventh and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that in the event it or its agents or employees are found to be negligent (which supposition is denied), Defendant may elect to have future damages, if any, in excess of the amount specific in Code of Civil Procedure section 667.7, paid in whole or in part, as specified in Code of Civil Procedure section 667.7.

**Twelfth and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that the actions of Plaintiff prevented Defendant from performing services and amounted to a release and waiver of any alleged breach of duty on the part of Defendant.

**Thirteenth and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that all acts or omissions complained of in the Complaint were consented to by Plaintiff.

**Fourteenth and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that its conduct at all times referenced therein was privileged and/or justified.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

**Fifteenth and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that at all times herein, Defendant, through its employees or agents, acted with a good faith belief in the propriety of its conduct, and performed and discharged in good faith each and every duty and/or obligation, if any, owed to Plaintiff.

**Sixteenth and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that its conduct was proper, legal and in substantial compliance with all applicable regulations, codes, statutes and/or ordinances.

**Seventeenth and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that any acts and/or omissions on the part of Defendant, its employees or agents, if any, were discretionary and not ministerial in nature.

**Eighteenth and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that any representations or statements made to Plaintiff, either in whole or in part, were matters of opinion.

**Nineteenth and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that any acts and/or omissions on the part of Defendant, its employees or agents, if any, were subjectively and/or objectively reasonable so as to entitle Defendant and/or its officials, employees and agents to absolute or qualified immunity.

**Twentieth and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

cause of action and/or claim for relief therein, Defendant alleges that Plaintiff's Complaint, and each and every cause of action and/or claim for relief therein is barred by the provisions of Government Code sections 810 through 1000, inclusive, including, but not limited to sections 815, 815.2, 815.3, 815.4, 815.6, 818, 818.2, 818.4, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 830.2, 830.5, 830.6, 831.2, 831.25, 835, 835.2, 835.4, 840, 840.2, 840.2, 840.6 and 844.6.

**Twenty-First and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that Plaintiff has failed to allege facts sufficient to constitute a claim for punitive damages, and that no such claim can be made against Defendant.

**Twenty-Second and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that it acted reasonably at all times, that Plaintiff's alleged condition was treated with appropriate care, and that any alleged failure to diagnose or misdiagnose Plaintiff's condition is subject to immunity pursuant to Government Code sections 855.6, 855.8 and 845.6.

**Twenty-Third and Separate Affirmative Defense**

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action and/or claim for relief therein, Defendant alleges that it is immune from suit with regard to all decisions, actions and/or inactions made or taken in determining whether or not to admit, commit, place, detain or confine Plaintiff for purposes of diagnosis, treatment, supervision or care of any alleged mental/psychological illness or condition pursuant to the provisions of Government Code sections 856(a) and 820.2.

WHEREFORE, the answering Defendant prays that Plaintiff take nothing by way of his Complaint, and the Defendant have judgment for its costs of suit, together with such other relief as the Court may deem just and proper.

/ /

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury in this action.

Dated: September 18, 2007

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: /S/
DAVID M. ROLLO
Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA and on behalf of SANTA CLARA VALLEY MEDICAL CENTER: EMERGENCY PSYCHIATRIC SERVICES (also sued as Valley Medical Center)

95706.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California